UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACK SWANSON,

        Plaintiffs,

v.

BANK OF AMERICA, N.A.,

        Defendant.
_____/

Case No. 12-11328
Hon. Lawrence P. Zatkoff

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 28, 2014

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss [dkt 8]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted, without oral argument. For the following reasons, Defendant's motion is GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

**II. BACKGROUND**

**A. FACTUAL BACKGROUND**

This is a foreclosure case involving real property located at 993 E. Kalama Avenue, Madison Heights, Michigan 48071 (the "Property"). On February 20, 2009, Plaintiff received a loan in the amount of $123,500.00 (the "Loan") from lender, Capital Mortgage Funding, LLC ("Capital Mortgage") to

purchase the Property. On the same date, Plaintiff executed a note (the "Note") in Capital Mortgage's favor and, to secure repayment of the Loan, granted a mortgage interest in the Property (the "Mortgage") to Mortgage Electronic Registration Systems, Inc. ("MERS"). MERS acted solely as nominee for Capital Mortgage and its successors and assigns. In addition to the Note and Mortgage, Plaintiff executed a Federal Truth-In-Lending Disclosure Statement, a U.S. Department of Housing and Urban Development Settlement Statement, a Notice of Right to Cancel document and a Fees Paid Outside of Closing document.

On December 5, 2011, the Mortgage was assigned to Defendant Bank of America, N.A. ("Defendant BANA").

**B. PROCEDURAL BACKGROUND**

Plaintiff filed his Complaint on February 21, 2012, in Oakland County Circuit Court. On March 23, 2012, Defendant BANA timely removed the matter to this Court on the basis of federal question jurisdiction. In his Complaint, Plaintiff alleges claims against Defendant BANA for failure to provide material disclosures under 15 U.S.C. § 1601, *et seq.*, (Count One) and failure to honor rescission notice (Count Two). Both counts allege violations under the Truth in Lending Act ("TILA").

After the parties stipulated to stay this matter on two occasions, Defendant filed the instant motion seeking dismissal of Plaintiff's Complaint.

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients &*

*Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the party pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *Id.* at 556. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).

### IV. ANALYSIS

Plaintiff's Complaint seeks rescission of the Loan and damages under the TILA due to Defendant BANA's alleged failure to "deliver all material disclosures required by the [TILA] . . . including but not limited to Defendant['s] failure to accurately state the total payments on the Final Truth in Lending Disclosure Statement and Defendant['s] failure to include in the amount financed [the] alleged broker fee and [an] undisclosed yield spread premium that was required to be disclosed on the Settlement Statement . . . ." Dkt. # 1, Ex. 1. P. 9–10. According to Plaintiff, these allegations entitle him to rescission of the Loan and damages.

The TILA "'was enacted to promote the informed use of credit by consumers by requiring meaningful disclosure of credit terms.'" *Barrett v. JP Morgan Chase Bank, N.A.*, 445 F.3d 874, 875 (6th Cir. 2006) (quoting *Begala v. PNC Bank, Ohio, N.A.*, 163 F.3d 948, 950 (6th Cir. 1998)). Under the TILA, a consumer-borrower has the right to rescind a loan secured by the borrower's principal dwelling within three business days of the transaction. 15 U.S.C. § 1635(a). Beyond that, rescission of the loan

can occur even after the three days following the transaction where "the lender fails to deliver certain forms or to disclose important terms accurately." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 411 (1998) (citing 15 U.S.C. § 1635(f)). The TILA also allows an action for damages, including "actual damages," statutory damages in the amount of "not less than $400 or greater than $4,000," and costs and attorney's fees. *See* 15 U.S.C. § 1640(a)(1)–(3).

A plaintiff must bring his action for damages under section 1640 of the TILA "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The statute of limitations for damages actions is subject to equitable tolling in the case of fraudulent concealment. *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1041–43 (6th Cir. 1984) (holding that equitable tolling was available in a TILA case when the complaint alleged "knowing and fraudulent concealment of the variable interest rate provision and of the mortgage note itself"). In such a case, "the one year period will begin to run when the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation." *Id.* at 1041.

Even further, if the TILA disclosures were never made to the borrower, he "has a continuing right to rescind," which right is "not dependent upon the one year statute of limitations period for a claim for damages." *Rudisell v. Fifth Third Bank*, 622 F.2d 243, 247–48 (6th Cir. 1980) (citations omitted). The borrower's continuing right to rescind "'shall expire three years after the date of consummation of the transaction or upon sale of the property, whichever occurs first, notwithstanding the fact that' the required disclosures have not been made." *Mills v. EquiCredit Corp.*, 172 Fed.Appx. 652, 656 (6th Cir. 2006) (quoting 15 U.S.C. § 1635(f)).

Under the authority outlined above, the statute of limitations for Plaintiff's action for damages under section 1640 has elapsed. Plaintiff obtained the Loan from Capital Funding in February 2009 but did not file his action until February 21, 2012, well over a year later. The one-year statute of limitations

4

for damages is subject to equitable tolling under certain circumstances; however, Plaintiff's Complaint does not allege any inequitable conduct by Defendant BANA that might have deterred Plaintiff from timely asserting his claim.

Plaintiff's claim for rescission fares no better. As mentioned, the consummation of the transaction took place on February 20, 2009, when the Mortgage and Loan were executed. Plaintiff did not file the instant action until February 21, 2012—beyond the three-year period of repose. *See Beach*, 523 U.S. at 412 (holding that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period"). Thus, Plaintiff's rescission claim is time-barred. Plaintiff attempts to escape this conclusion by suggesting that, when he mailed a letter to Defendant BANA purportedly rescinding the loan on September 23, 2011, he preserved his right to rescind. Yet, the Supreme Court has explained that the TILA "permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run." *Id*. at 419. *See Esman v. BAC Home Loans Servicing, LP*, No. 11-13590, 2011 WL 6131115, at *2 (E.D. Mich. Dec. 9, 2011) (finding that the plaintiff was not entitled to rescission because she failed to file her lawsuit within the 3-year time period, notwithstanding the fact that she sent a "right to rescission letter" to the defendant). The Eight Circuit—in alignment with the greater weight of authority—recently commented: We "hold that a plaintiff seeking rescission must file suit, as opposed to merely giving the bank notice, within three years in order to preserve that right pursuant to § 1635(f). The nature of a statute of repose and the remedy of rescission, in addition to the uncertainties as to title that would likely occur if the right is not effectuated by court filing within three years of the underlying transaction, are each compelling reasons for the conclusion that we draw." *Keiran v. Home Capital, Inc.*, 720 F.3d 721, 728 (8th Cir. 2013). The Court agrees with this language and finds it persuasive here.

In the end, the statute of limitations and statute of repose set forth in 15 U.S.C. §§ 1635 and 1640 bar Plaintiff's TILA claims in Counts I and II of his Complaint. The Court therefore dismisses Plaintiff's Complaint for failure to state a claim.

## V. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Defendant BANA's Motion to Dismiss [dkt 8] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Date: February 28, 2014        s/Lawrence P. Zatkoff
                               Hon. Lawrence P. Zatkoff
                               U.S. District Judge